[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 17, 2005
THOMAS K. KAHN
CLERK

_____

No. 04-12416
Non-Argument Calendar

_____

D.C. Docket No. 03-00140-CR-3-RV-3

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MITCHELL JACKSON SEALE, III,
a.k.a. Mitchell Jackson Seale, etc.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(May 17, 2005)

Before TJOFLAT, BLACK and PRYOR, Circuit Judges.

PER CURIAM:

Pursuant to a plea agreement, appellant pled guilty to conspiracy to possess

with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.

C. § 846, and the court sentenced him to prison for a term of 180 months.  He now appeals his sentence, contending for the first time that the court committed constitutional error, under Blakely v. Washington, 542 U.S. ___, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004), when it enhanced his sentence under the Guidelines on the basis of facts he did not admit (and because he had pled guilty, had not been found by a jury).  Because appellant did not present his Blakely now Booker objection to the district court, we review his sentence for plain error.[1]

To satisfy the plain-error standard, we must find that (1) the district court committed "error," (2) the error was plain or obvious, and (3) the error "affected substantial rights" in that the error was prejudicial and not harmless.  United States v. Olano, 507 U.S. 725, 730-32, 113 S.Ct. 1770, 1776, 123 L. Ed. 2d 508 (1993). If these criteria are met, we may, in our discretion, correct the plain error if it "seriously affects] the fairness, integrity, or public reputation of judicial proceedings." Id. at 736, 113 S.Ct. at 1779 (internal quotations and citation omitted).

In United States v. Rodriguez, 398 F.3d 1291 (11th Cir. 2005), petition for cert. filed (U.S. Feb. 23, 2005) (No. 04-1148), rehearing en banc denied,

---

[1]  After appellant filed his initial brief, the Supreme Court decided United States v. Booker, 543 U. S. ____, 125 S. Ct. 738, ___ L. Ed. 2d ____ (2005).  Booker made Blakey's holding applicable to the federal Guidelines sentencing system.  We refer to appellant's objection as a Blakey/Booker objection.

– F. 3d – , 2005 WL 895174 (11th Cir. Apr. 19, 2005), we rejected a defendant's

Blakey/Booker claim under plain-error review, holding that the "error" in Booker

was the use of extra-verdict enhancements under a mandatory system, not the use

of extra-verdict enhancements to increase a defendant's guideline range.

Rodriguez, 398 F.3d at 1298-1301.  We stated that, to satisfy the third prong of the

plain-error test, a defendant

> must establish a reasonable probability that if the district court had
> considered the guidelines range it arrived at using extra-verdict
> enhancements as merely advisory, instead of mandatory, and had
> taken into account any otherwise unconsidered [18 U.S.C.] § 3553
> factors, the court would have imposed a lesser sentence than it did.

Id. at 1302.

Appellant's sentence was enhanced under a mandatory guidelines system, as

a result of facts the court found but appellant did not admit.  These facts, which

involved both the drug quantity attributable to appellant under the Guidelines and

his role in the conspiracy, increased his base offense level.  This was

Blakey/Booker error, Rodriguez, 398 F.3d 1299, and it was plain. Id.  The

question thus becomes whether appellant has carried his burden of establishing

prejudice, the third prong of plain-error review.  We conclude that he has not.

Title 18, Section 3553(a) of the United States Code  provides that district

courts imposing a sentence must first consider, among other things, the nature and

3

circumstances of the offense, the history and characteristics of the defendant, the need for adequate deterrence, protection of the public, the pertinent Sentencing Commission policy statements, and the need to avoid unwarranted sentencing disparities. See 18 U.S.C. § 3553(a). Because the court implicitly adopted the presentence report's description of the offense and its findings on appellant's history and characteristics, the court considered the nature and circumstances of the offense and appellant's character. See 18 U.S.C. § 3553(a)(1). The district court was within its statutory authority to sentence him to any term between ten years (120 months) and his natural life. 21 U.S.C. § 841(b). It sentenced him to a term of 180 months—a term within the lower half of his Guidelines sentence range. In fact, the court was not prohibited by the applicable Guidelines from sentencing to a term less than 180 months.

Nothing in the record establishes a reasonable probability that, had the court considered the guidelines range as advisory rather than mandatory and taken into account any otherwise unconsidered § 3553 factors, it would have imposed a lesser sentence. Rodriguez, 398 F.3d at 1302; compare United States v. Shelton, No. 04-12602, manuscript op. at 15 (11th Cir. Feb. 25, 2005) (holding that the sentencing court's expressions, that the lowest sentence within the guidelines was too severe, was sufficient to show that the lower court would have imposed a lesser sentence if

4

it had not felt bound by the Guidelines, thus satisfying plain error's third prong).

Because appellant failed to establish prejudice, the third plain error prong, we are required to affirm his sentence.

**AFFIRMED.**

Tjoflat, Circuit Judge, concurring specially:

As I explain in my dissent to the court's refusal to rehear Rodriguez en banc, the error in a case such as this—where the district court enhances the defendant's sentence on the basis of facts not admitted by the defendant or found by a jury—is structural error, and the third prong of the plain-error test is, therefore, inapplicable. See United States v. Rodriguez, — F.3d —, 2005 WL 895174 (11th Cir. Apr. 19, 2005) (Tjoflat, J., dissenting from the denial of rehearing en banc). Accordingly, the court should consider whether the error "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." United States v. Olano, 507 U.S. 725, 736, 113 S. Ct. 1770, 1779, 123 L. Ed.2d 508 (1993). The court declines to do that because, as I agree, it is Rodriguez bound.